MOTION.

Case 27.

October 2.

Case stated.

## Chambers & Garvin *vs.* Neal.

### APPEAL FROM ALLEN CIRCUIT.

Judge CRENSHAW delivered the opinion of the court.

1. A plea to a motion to quash an execution issuing against a bankrupt after his discharge, averring that the discharge was obtained by fraud, must specify the fraud, and reasonable notice be given of the fraud or concealment intended to be relied upon. (4 sec. Act of Congress.)

2. Matters of discharge, happening after judgment, may be available upon a motion for the relief which was anciently granted upon *audita querela*.

Before the act of congress establishing a uniform system of bankruptcy, Chambers and Garvin recovered a judgment in the Allen circuit court against Neal for the sum of $3,396 60, besides interest and costs. Upon this judgment an execution was issued on the 19th day of March, 1851, indorsed with a credit of $540 paid 10th day of January, 1832.

This execution was levied upon two small pieces of land—one of seventy and and the other of seven acres, and on a negro man. And thereupon Neal gave notice to the plaintiffs in the execution, that he would move the judge of the Allen circuit court at their April term, 1851, to quash said execution and levy, upon the ground that he had been discharged from said demand by virtue of his certificate in bankruptcy, of date 25th of October, 1842.

To this notice Chambers & Garvin appeared, and filed a plea, alleging, in general terms, that said certificate of discharge was obtained by fraud. Neal demurred to the plea, and the court decided the plea insufficient, and Chambers & Garvin failing to make further defense, the court rendered judgment in favor of Neal, quashing the execution and levy. And from this decision Chambers & Garvin have appealed to this court.

If the remedy by motion be an appropriate one, we are of opinion that the circuit court was right in sus-

taining the demurrer to the plea, and in giving judgment for the plaintiff in the motion.

The plea is clearly insufficient, because it does not specify the fraud intended to be relied upon, nor allege that prior reasonable notice had been given to Neal in writing, specifying the fraud or concealment intended to be relied upon. Such notice is required by the fourth section of the act of Congress, and should have been alleged in the plea.

An *audita querela* was the ancient remedy where the matter of discharge happened after the recovery of judgment, and the defendant was in execution or in danger thereof. But the practice now is, in such a case, to grant summary relief upon motion, which has rendered the remedy by *audita querela* useless, and driven it out of practice. (3 *Blackstone's Commentaries*, 406.) In a note on the same page, chief justice Eyre is reported to have said, "I take it to be the modern practice to interpose in a summary way, in all cases where the party would be entitled to relief on an *audita querela*." The remedy, therefore, in this case, was properly sought by motion.

Wherefore the judgment is affirmed.

*Harlan*, for appellants ; *Morehead & Brown*, for appellee.

1. A plea to a motion to quash an execution issuing against a bankrupt after his discharge, averring that the discharge was obtained by fraud, must specify the fraud, and reasonable notice be given of the fraud or concealment intended to be relied upon. (4 sec. Act of Congress.)

2. Matters of discharge, happening after judgment, may be available upon a motion for the relief which was anciently granted upon *audita querela.*

